**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Arthur Black, | No. CV-18-03416-PHX-SRB |
| Petitioner, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
| Respondents. | |

Petitioner Arthur Black filed a Petition for Writ of Habeas Corpus on October 22, 2018, raising two claims for relief. Respondents filed a Limited Answer arguing that the Petition was time barred and that Petitioner's claims were procedurally defaulted without excuse. On September 3, 2019 the Magistrate Judge issued his Report and Recommendation finding that Petitioner's claims were untimely by more than one year and recommending that the Petition be denied and dismissed with prejudice. The Magistrate Judge also recommended that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be denied.

On October 2, 2019 Petitioner filed a timely written objection to the Magistrate Judge's Report and Recommendation. In his objection he does not argue that his Petition was timely. Instead he argues that he is entitled to equitable tolling. Petitioner also filed an Application for a Certificate of Appealability arguing that the Magistrate Judge erred in finding that there were no extraordinary circumstances to warrant tolling of the time to file his habeas petition. Respondents filed a response to Petitioner's objections to the Report

and Recommendation urging that the Magistrate Judge was correct in determining that the Petition was untimely and also arguing that Petitioner's habeas claims were procedurally defaulted in state court and are now barred from habeas review. The Court will not address the second basis that Respondents urged for the denial of the habeas petition as this alternative ground for denial was not addressed in the Magistrate Judge's Report and Recommendation.

Petitioner argues that the Magistrate Judge incorrectly concluded that his failure to timely file his habeas petition was not due to external forces or extraordinary circumstances. He argues that his state court filings were untimely because he was without counsel and that his federal filing was untimely because he was without counsel and the prison law library did not contain the rules and regulations on the standards of AEDPA. Petitioner asserts these circumstances are grounds for equitable tolling. But as the Respondents point out in their Response Petitioner filed his Petition on the federal court approved form. That court approved form includes a section 16 on timeliness of the petition, advising the filer that if the judgment of conviction became final more than one-year ago, the petitioner must explain why the one-year statute of limitations in 28 U.S.C. § 2244(d)(2) does not bar the petition. That statute is then set out in full in section 16. In neither his original Petition nor in his Amended Petition does Petitioner explain the untimeliness of his Petition. Nor does Petitioner explain in his objection how he was able to make all of his state court filings and his federal filings including the use of the court approved form if the prison law library was the impediment to filing.

The Court agrees with the Magistrate Judge that Petitioner has failed to show the extraordinary circumstances that would entitle him to equitable tolling of the one-year statute of limitations. The alleged lack of unspecified rules and regulations, particularly in light of the obvious availability of the court approved petition form fails to show that there were external forces rather than Petitioner's lack of diligence to account for his failure to timely file. Neither his *pro se* status nor lack of familiarly with the law excuses his failure to comply with the one-year statute of limitations.

Petitioner's lack of diligence is also demonstrated in his failure to file his *pro se* supplemental petition in state court resulting in the dismissal of his initial post-conviction relief proceedings. Moreover, the numerous things that were filed in state court beginning with his second Petition for Post-Conviction Relief, Memorandum, Petition for Review to the Arizona Court of Appeals, his Third Petition for Post-Conviction Relief and Petition for Review to the Arizona Court of Appeals demonstrates Petitioner's capability of making timely court filings.

Petitioner also clearly had access to legal materials. As the Magistrate Judge noted, Petitioner cited case law from this district and, as the Respondents noted, filed his habeas petition and amended petition on the court approved form. The Court agrees with the Magistrate Judge that Petitioner's claims are untimely and that Petitioner has failed to show extraordinary circumstances and necessary diligence for equitable tolling.

IT IS ORDERED overruling Petitioner's Objections to Report and Recommendation of the Magistrate Judge.

IT IS FURTHER ORDERED adopting the Report and Recommendation of the Magistrate Judge as the Order of this Court. (Doc. 15)

IT IS FURTHER ORDERED denying a Certificate of Appealability because dismissal of the Petition is justified by a plain procedural bar and jurist of reason would not find the ruling debatable. (Doc. 19)

IT IS FURTHER ORDERED directing the Clerk to enter judgment accordingly.

Dated this 22nd day of October, 2019.

_____
Susan R. Bolton
United States District Judge